IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV15
(1:98CR340 & 1:99CR14)

| | | |
|---|---|---|
| CHAD WILLIAM CARLTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant 28 U.S.C. § 2255, filed January 20, 2006. No response from the Government is required.

The Petitioner's conviction and sentence were affirmed by the United States Fourth Circuit Court of Appeals in 2000; he did not petition the Supreme Court for a writ of *certiorari*. **United States v. Carlton, 232 F.3d 890 (table), 2000 WL 1578407 (4th Cir. 2000).** Petitioner then filed a timely motion pursuant to 28 U.S.C. § 2255 to have his conviction and sentence vacated, set aside or corrected. The undersigned denied that motion on December 11, 2001. The Petitioner did not appeal the decision.

2

The Petitioner now seeks to file a second motion pursuant to § 2255 based on the Supreme Court's recent rulings in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. **United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although Booker is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); United States v. Fowler, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither Booker nor Blakely announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2d Cir.), cert. denied, 126 S. Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005) ("We conclude, then, that Booker does not apply retroactively to criminal**

3

cases that became final before its release on January 12, 2005.");

*Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

> [Petitioner] may not raise a new claim in a second or successive Section 2255 motion unless he can show that his new claim is based on . . . "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[.]" . . . [Petitioner] relies on the argument that the so-called "new rules of law" articulated in . . . *Booker* justify his application to file a second or successive Section 2255 petition. In *Tyler v. Cain* the Supreme Court considered whether new rules of constitutional law apply retroactively to second or successive petitions, and held that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.". . . In *Booker*, the Supreme Court noted that its holdings in that case apply to "all cases on direct review" but made no explicit statement of retroactivity to collateral cases.  Thus, . . . *Booker* [does not] apply retroactively to [Petitioner's] collateral challenge.

*Green, supra* (quoting 28 U.S.C. § 2244(b)(2); *Tyler v. Cain*, 533 U.S. 656, 663 (2001); *Booker*, 125 S. Ct. at 769)).

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255, filed January 20, 2006, is deemed to be a successive petition and is hereby **DENIED** and this matter is hereby **DISMISSED WITH PREJUDICE.**

4

Signed: February 2, 2006

*(signature)*

Lacy H. Thornburg
United States District Judge