UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:99cr14
1:98cr340

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| CHAD WILLIAM CARLTON | ) | |
| | ) | |
| _____ | ) | |

Pending before the Court are Defendant's Motions for the Issuance of Subpoena [# 33 in 1:99cr14 & # 49 in 1:98cr340]. Defendant requests pursuant to Rule 17 of the Federal Rules of Criminal Procedure that the Court issue a subponea *duces tecum* to Verizon Cellco Partnership, d/b/a Verizon Wireless at the expense of the Government. The Court **GRANTS** Defendant's motions

**I.     Analysis**

Rule 17(c) provides that the Court may order a witness to produce books, papers, documents, data, or other objects designated in a subpoena. Fed. R. Crim. P. 17(c)(1). "The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Id. If compliance with the subpoena would be unreasonable or oppressive, the Court may quash or modify the subpoena. Fed. R. Crim. P. 17(c)(2).

In order to obtain a Rule 17(c) subpoena from the Court, the requesting party must demonstrate four elements. United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010). First, the party must demonstrate that the requested documents are relevant. Id. Second, the party

must show that the documents are not otherwise obtainable in advance of trial through the exercise of due diligence. Id. Third, the production and inspection of the documents must be necessary in preparation for trial. Id. Fourth, the request for a subpoena must be made in good faith. Id.

Defendant requests the cell phone records of a former romantic interest who alleges that he made an unauthorized charge on one of her credit cards. Defendant contends that these records are necessary to demonstrate that the credit card use was consensual. Finally, Defendant contends that he cannot otherwise obtain these records and that production and inspection is necessary prior to the hearing because of the delay caused by examining these documents on the day of the hearing. The Court finds that Defendant has met his burden of showing that the issuance a subpoena is warranted under Rule 17. Accordingly, the Court **GRANTS** Defendant's Motions for the Issuance of Subpoena.

## II. Conclusion

The Court **GRANTS** Defendant's Motions for the Issuance of Subpoena [# 33 in 1:99cr14 & # 49 in 1:98cr340]. The Court **ORDERS** that a subpoena be issued for Verizon Cellco Partnership, d/b/a Verizon Wireless, and that the cost of process, fees and expenses of this witnesses so subpoenaed shall be paid as if subpoenaed on behalf of the government, the Court being satisfied that the defendant is financially unable to pay the fees and expenses of this witness, and the presence of this evidence is necessary to the presentation of an effective and adequate defense.

This Order specifically compels the production of:

**a. Cellular phone records for cell phone number 803-971-0181 for all calls**

**made and received from October 1, 2010 to February 15, 2011.**

The Court further **ORDERS** that an Investigator for the Federal Defenders Office shall serve the subpoena issued for the above named institutions.

Signed: April 13, 2011

Dennis L. Howell
United States Magistrate Judge